United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10361
Summary Calendar

_____

ESTELLE LOGGINS,

Plaintiff-Appellant,

versus

NORTEL NETWORKS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 3:04-CV-2517-N

_____

Before JONES, Chief Judge, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Estelle Loggins, an employee of Defendant, Nortel Networks, Inc. ("Nortel"), appeals the grant of summary judgment to Nortel on her claim to recoup benefits from a Long Term Disability Plan ("LTD") offset by a Business Travel Accident Insurance ("BTA") payment. Because the district court did not err in finding that the LTD benefits were properly offset by the BTA payments, we **AFFIRM**.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. BACKGROUND

Loggins suffered a disabling injury while traveling on company business for Nortel. She was covered under Nortel's LTD plan, which was administered by Prudential Insurance Company of America ("Prudential"). The LTD provided benefits in the event an employee became disabled, while the BTA, furnished by another insurer, provided for a lump sum payment if an employee was accidentally killed or disabled while traveling for the company. Loggins began receiving LTD benefits and also applied for, and later received (following litigation), a benefit under the BTA plan in the lump sum amount of $315,000.00. When Prudential learned of the BTA amount, Prudential's Disability Claim Manager notified Loggins that her LTD benefits would be offset by the BTA award, as an LTD plan provision requires offsets for "other income." Under the LTD plan, the lump sum amount would be offset in prorated amounts over sixty months. He also informed her that previous overpayments in the amount of $23,600.97, made before Prudential became aware of the BTA award, must be repaid. Loggins asked Prudential to reconsider its decision, which it refused to do. Loggins then appealed to Nortel's Employee Benefits Committee ("EBC"). The EBC denied her appeal.

Loggins filed suit in federal court, alleging Nortel violated her rights under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. The district

court granted Nortel's motion for summary judgment, concluding that the offset was clearly permitted. Loggins now appeals.

## II. ISSUES ON APPEAL

Loggins raises a number of issues on appeal. However, each of the asserted issues can be consolidated as a single claim that the district court erred by finding that the two plans were separate, and thus the BTA benefit could be offset against the LTD benefits under the LTD's "other income" provision.

## III. DISCUSSION

When reviewing a grant of summary judgment, we view the facts and inferences in the light most favorable to the non-moving party, and we apply the same standards governing the trial court in its determination. Blair v. Sealift, Inc., 91 F.3d 755, 760 (5th Cir. 1996). Here, the district court reviewed the EBC's denial of benefits under an "abuse of discretion" standard because of the discretion granted to it by the LTD plan. Loggins v. Nortel Networks, Inc., No. 3:04-CV-2517-N, 2006 WL 740278, at *1 (N.D. Tex. March 9, 2006) (citing Meditrust Fin. Servs. v. Sterling Chem., 168 F.3d 211, 213 (5th Cir. 1999)). The case law establishes that a plan administrator does not abuse its discretion if its interpretation of a plan is legally correct. Id. Summary judgment must be granted if a court determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. (56)(c).

3

The district court did not err in concluding that the EBC's interpretation of the LTD plan's offset provision was correct. The BTA and LTD Summary Plan Descriptions are not conflicting or misleading. Although the BTA promises "extra financial security," nowhere does it state that it will permit double collection for a single injury from multiple policies. Moreover, the LTD plan is clear that any benefits will be reduced by other sources of income. Although the plan does not <u>specifically</u> state that BTA benefits will cause an offset, it <u>does</u> state that it will be offset by any "disability, retirement or unemployment benefits provided under any group insurance or pension plan or any other arrangement of coverage for individuals in a group...." It does not list specific sources of such insurance policies, nor does it exclude any particular policies.

Additionally, the cases relied on by Loggins, <u>Hansen v. Continental Ins. Co.</u>, 940 F.2d 971 (5th Cir. 1991), and <u>Rhorer v. Raytheon Eng'rs & Constructors</u>, 181 F.3d 634 (5th Cir. 1999), are off point. These cases dealt with a conflict or ambiguity between a plan summary given to insureds and the actual ERISA plan provisions. Here, there is no such conflict, but instead an alleged ambiguity in the summaries of two separate plans. Although Loggins claims <u>Hansen</u> and <u>Rhorer</u> cannot be so limited, she can point to no cases expanding upon or applying them in the circumstances of this case.

4

Loggins is also incorrect that the BTA and LTD plans should be construed as a single plan. Although they have the single purpose of providing employee benefits, they are clearly distinct policies and apply in different situations.[1] To construe them as a single policy would require the court to assume that <u>all</u> policies providing employee benefits, no matter how differentiated, comprise a single policy, simply because all plans share the common goal of compensating employees for various losses.

There is nothing, other than her assertions, to support Loggins's claim that the "other income" provision should be read to exclude other Nortel plans. The plan description does not specify the source of <u>any</u> of the specified categories of "other income," and nowhere does it require that they be provided by someone other than Nortel.[2] Loggins cannot point to any plan document suggesting various Nortel plans should be treated differently from other sources of insurance.

Loggins next argues that the "extra benefit" description in the BTA summary creates an ambiguity between the BTA and the LTD plans. This claim is of doubtful merit, as the BTA <u>did</u> provide her

---

[1] For example, if Ms. Loggins had died while traveling on company business, her beneficiaries would have recovered under the BTA policy, but not the LTD policy. Additionally, the LTD plan pays benefits for disabilities arising from any cause, while the BTA plan pays only for accidents occurring while traveling on company business.

[2] In fact, it is likely <u>most</u> employees' retirement benefits would come from Nortel rather than an outside source; thus, the listing of retirement benefits as an offset suggests Nortel's other plans were clearly intended as an offset under the provision.

5

with an additional benefit of $189,940.20, even after the offset, because the lump sum payment is prorated over sixty months. Despite the partial offset here, the plan provides a significant additional benefit to many employees and is not merely "smoke and mirrors" as Loggins asserts.

Moreover, even if an ambiguity existed, it would be resolved in favor of the plan administrator. Under <u>MacLachlan v. Exxon/Mobil Corp.</u>, 350 F.3d 472, 478-79 (5th Cir. 2003), when, as here, a plan administrator has been vested discretionary authority to interpret a plan, courts review the administrator's decisions only for abuse of discretion. Given the doubtful evidence of even a slight ambiguity, the administrator's decision here was clearly within the wide discretion allowed.

Finally, Loggins's assertion that the interpretation expressed by Kimberly Pulliam, the Global Employee Services Department ("Global") employee to whom she spoke regarding a potential offset, in a phone conversation and email proves the meaning of the provisions is simply false. Although employees are instructed to call that department with <u>general</u> benefits questions, employees also are told to contact the Claims Administrator for each specific plan for more detailed information. Global was not the administrator for either the BTA or the LTD, and Global employees clearly had no authority to bind Nortel.

**CONCLUSION**

6

The district court was correct in finding no genuine issue of material fact. We therefore **AFFIRM** the grant of summary judgment in favor of defendants.